UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSE URQUILLA, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                        Plaintiff,

      -against-

JOSEPH SOFIELD CITY-SCAPE, INC., and
CITY-SCAPE LANDSCAPING, INC., and
CHRISTOPHER "DUKE" SOFIELD, an individual,
and VINCENT SOFIELD, an individual,

                       Defendants.
-------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

**Jury Trial Demanded**

JOSE URQUILLA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against JOSEPH SOFIELD CITY-SCAPE, INC., and CITY-SCAPE LANDSCAPING, INC., and CHRISTOPHER "DUKE" SOFIELD, an individual ("Duke Sofield"), and VINCENT SOFIELD, an individual ("Vincent Sofield"), (all four, together, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday proper wage

1

statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the FLSA's anti-retaliation provision, 29 U.S.C. § 215(3); (v) one of the NYLL's anti-retaliation provisions, N.Y. Lab. Law § 215(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants, two corporations that operate as a single enterprise and that together run a landscaping business, and that business's co-owners and day-to-day overseers, as a landscaper, from in or about April 2008 to on or about August 19, 2016. Throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, Defendants required Plaintiff to work, and Plaintiff did work, at least sixty hours per week during the spring and fall seasons. However, Defendants failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for any hours that he worked per week in excess of forty during those seasons. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

3. Defendants paid and treated all of their non-managerial employees who worked for them in the same manner.

4. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and its implementing regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff who opts into this action.

5. Further, on an individual basis only, Plaintiff brings claims against Defendants for violations of the anti-retaliation provisions of the FLSA and NYLL, as after Plaintiff complained to Defendants that they were not paying him overtime for all of his hours worked per week in excess of forty, Defendants retaliated by constructively discharging Plaintiff and threatening him with interference with future job prospects.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the acts and/or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA and the NYLL.

9. At all relevant times, Defendant Joseph Sofield City-Scape Inc. was and is a corporation organized under the laws of the State of New York with its principal place of business located at 5 Willis Avenue, Floral Park, New York 11001.

10. At all relevant times, Defendant City-Scape Landscaping Inc. was and is a corporation organized under the laws of the State of New York with its principal place of business also located at 5 Willis Avenue, Floral Park, New York 11001.

11. Since at least 2001, but in any event, at all times during the six year period pre-dating the commencement of this action, both Defendant Joseph Sofield City-Scape Inc. and

3

Defendant City-Scape Landscaping Inc. have operated, in effect, as a single enterprise. In that respect, both corporations operated from the same principal location, were run by the same two individuals, and used employees interchangeably.

12. At all relevant times, Defendant Duke Sofield was the co-owner and a day-to-day overseer of Defendant Joseph Sofield City-Scape Inc. and Defendant City-Scape Landscaping Inc., who in that capacity, along with Defendant Vincent Sofield, set forth the employment terms for all employees of either corporation with respect to their hours worked and rates and methods of pay.

13. At all relevant times, Defendant Vincent Sofield was the co-owner and a day-to-day overseer of Defendant Joseph Sofield City-Scape Inc. and Defendant City-Scape Landscaping Inc., who in that capacity, along with Defendant Duke Sofield, set forth the employment terms for all employees of either corporation with respect to their hours worked and rates and methods of pay.

14. At all relevant times, all Defendants were employers within the meaning of the FLSA, the NYLL, and the NYCCRR. Additionally, both corporate defendants' qualifying annual business, either together or individually, exceeded and exceeds $500,000, and the corporations were engaged in interstate commerce within the meaning of the FLSA as they use goods, equipment, and other materials in the course of their business, such as plants, fertilizer, hoses, and tools, much of which originates in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

17. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## BACKGROUND FACTS

18. Defendant Joseph Sofield City-Scape Inc. and Defendant City-Scape Landscaping Inc. provide landscaping services to customers in New York City.

19. Defendant Duke Sofield personally hired and forced Plaintiff's separation of employment and was responsible for the hiring and firing of many other employees of Defendants.

20. Defendant Vincent Sofield signed checks and paid all employees of Defendants, and whenever Duke Sofield was not present, hired and fired employees.

21. Defendants employed Plaintiff to work as a landscaper from in or about April 2008 to on or about August 19, 2016. Throughout his employment, Plaintiff's duties consisted of cutting grass and hedges, planting, cleaning, moving tools and equipment, and weeding. Plaintiff primarily performed these tasks at different job sites in New York City.

22. Throughout his employment, and more specifically, during the six-year period pre-dating the commencement of this action, during the spring and fall seasons, specifically from March until the middle of June and then from September through December, Plaintiff generally worked from 6:00 a.m. to 4:00 p.m., six days per week, without being permitted to take scheduled or uninterrupted breaks during his shifts, for a total of sixty hours per week, although Plaintiff's hours varied from week-to-week.

23. From at least May 2011 until August 2015, for the spring and fall seasons, Defendants paid Plaintiff a flat weekly salary of $745.00, which was intended to and operates to cover only his first forty hours worked per week, making his regular hourly rate $18.63.

24. In or around September 2015, Defendants increased Plaintiff's weekly compensation to $770 per week for the spring and fall seasons, which was again intended to and

operates to cover only his first forty hours worked per week, making his regular hourly rate $19.25.

25. In or around April 2016, Defendants increased Plaintiff's weekly compensation to $795.00 per week for the spring and fall seasons, which was again intended to and operates to cover only his first forty hours worked per week, making his regular hourly rate $19.88. This was Plaintiff's rate of pay until the end of his employment with Defendants on August 19, 2016.

26. Throughout Plaintiff's employment, Defendants never paid Plaintiff any wages at any rate for any hours that Plaintiff worked in excess of forty per week.

27. By way of example only, during the week of June 6 through June 12, 2016, Plaintiff worked the following schedule:

> Monday: 6:00 a.m. until 3:00 p.m.
> Tuesday: 6:00 a.m. until 4:00 p.m.
> Wednesday: 6:00 a.m. until 3:30 p.m.
> Thursday: 6:00 a.m. until 5:00 p.m.
> Friday: 6:00 a.m. until 3:00 p.m.
> Saturday: 6:00 a.m. until 3:00 p.m.

Thus, Plaintiff worked a total of fifty-seven and one-half hours during this week. For his work that week, Defendants paid him a flat weekly wage of $795.00, or $19.88 for his first forty hours worked, and nothing for any hours that Plaintiff worked that week in excess of forty.

28. Defendants paid Plaintiff on a weekly basis, partly by check and partly in cash.

29. On each occasion when they paid Plaintiff, Defendants did not provide Plaintiff with wage statements that accurately reflected the amount of hours that he worked per week, his total weekly compensation, his regular rate of pay, or his overtime rate of pay for each hour that he worked in excess of forty in a given workweek.

30. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

31. Defendants treated all FLSA Plaintiffs in the manner described above.

32. Every hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

33. Prior to August 19, 2016, Plaintiff had previously complained to Defendant Duke Sofield about his lack of proper compensation on four separate occasions. Each time Plaintiff raised the issue of not being properly paid overtime, Defendant Duke Sofield would dismiss Plaintiff's complaints and respond by stating that Plaintiff was well paid and that Defendants would not pay him any more money.

34. Then on or about August 19, 2016, in the afternoon, Plaintiff approached Defendant Duke Sofield again to complain about the lack of overtime compensation. Specifically, Plaintiff told Duke Sofield that he wanted to be paid overtime and that he could not continue to work without being paid proper compensation. In response, Defendant Duke Sofield became enraged, and told Plaintiff that if Plaintiff were to sue him or otherwise take action about his pay that Defendants would make it their personal mission to ensure that Plaintiff could not find a job elsewhere and that nobody would hire someone who complained. Plaintiff persisted, telling Duke Sofield that he could not continue to work without being properly paid, and Duke Sofield then threatened to fire Plaintiff unless he quit. After finishing the rest of his shift, Plaintiff acquiesced to Duke Sofield's coercion and left his employment, refusing to continue working for pay that violated United States and New York law.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

35. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

38. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

39. Defendants willfully violated the FLSA.

40. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

42. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

45. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

46. Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

48. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

50. As described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with any wage statements on each payday, let alone those containing the accurate criteria that the NYLL requires.

51. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

52. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA, 29 U.S.C. § 215(3)*

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. Under FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under . . . this chapter, or has testified or is about to testify in any such proceeding."

55. As described above, after Plaintiff lodged a good faith complaint with Defendants about their failure to pay him proper overtime, Defendants retaliated by constructively terminating Plaintiff's employment and threatening him that Defendants would interfere to prevent him from being hired elsewhere.

56. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

57. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

58. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation

provision, and all other appropriate forms of relief, including reasonable attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of NYLL § 215(1)*

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. Under NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

61. As described above, after Plaintiff lodged a good faith complaint with Defendants about their failure to pay him proper overtime, Defendants retaliated by constructively terminating Plaintiff's employment and threatening him that Defendants would interfere to prevent him from being hired elsewhere.

62. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

63. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

64. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provision, and all other appropriate forms of relief, including reasonable attorneys' fees, interest, and costs.

65. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is filing a Notice of Claim with the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. All compensatory damages that Plaintiff has individually sustained as a result of the Defendants' unlawful retaliatory conduct, including back pay, front pay, damages to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that he would have received but for the Defendants' conduct, and any other out-of-pocket losses that Plaintiff has incurred or will incur;

h. Punitive damages, as provided by law, in connection with Plaintiff's individual retaliation claims;

i. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

j. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

k. Pre-judgment and post-judgment interest, as provided by law; and

l. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: May 2, 2017
      Great Neck, New York

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              1010 Northern Boulevard, Suite 328
                              Great Neck, New York 11021
                              Tel. (516) 248-5550
                              Fax. (516) 248-6027

                              _____
                              CAITLIN DUFFY, ESQ. (CD 8160)
                              ALEXANDER T. COLEMAN, ESQ (AC 8151)
                              MICHAEL J. BORRELLI, ESQ (MB 8533)