# Exhibit A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between JOSE W. URQUILLA, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (the "Plaintiff"), on the one hand, and JOSEPH SOFIELD CITY-SCAPE, INC., a New York corporation doing business as "City Scape Landscaping", CHRISTOPHER SOFIELD a/k/a "Duke Sofield", an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators, and VINCENT SOFIELD, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (Joseph Sofield City-Scape, Inc., Christopher Sofield, and Vincent Sofield are referred to collectively herein as the "Defendants"), on the other hand (the Plaintiff and the Defendants may be referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, the Plaintiff, through his attorneys, has asserted claims against the Defendants for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations (together, the "FLSA"), and the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor (together, the "NYLL"), claiming, *inter alia,* allegedly unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, penalties for alleged failure to provide proper weekly wage statements, retaliation, backpay, front pay, emotional/mental distress damages, punitive damages, attorney's fees, interest, costs, and disbursements, in an action filed in the United States District Court for the Eastern District of New York (the "Court"), entitled <u>Urquilla v. Joseph Sofield City-Scape, Inc., et al.</u>, Case No. 17-CV-2595(SJF)(AKT) (the "Action"); and

**WHEREAS**, the Parties attended a private mediation before mediator Martin F. Scheinman, Esq., on February 6, 2018 at which, through arms-length settlement negotiations overseen by the mediator, a settlement of the Action, including all of the above-referenced claims, was reached; and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted by the Plaintiff in the Action for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion;

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt

and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

## AGREEMENT

(1)  Submission of Agreement for Court Approval; Dismissal of the Action. The Parties shall jointly provide this Agreement to the Court for review and approval, together with the proposed Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the Plaintiff's FLSA claims asserted in the Action. The Parties shall request that the Court retain jurisdiction over the Action solely for the purpose of enforcing this Agreement, if necessary.

(2)  Settlement Amount. The Defendants shall pay to the Plaintiff and his attorneys the gross total sum of **$40,000.00** (the "Settlement Amount"), payable on April 30, 2018, assuming that this Agreement has been approved by the Court and the Action has been dismissed in its entirety with prejudice prior to such date. In the event that this Agreement has not yet been approved by the Court and the Action has not yet been dismissed in its entirety with prejudice prior to April 30, 2018, then the Settlement Amount shall be due ten (10) days following the satisfaction of these preconditions. The Settlement Amount shall be paid in three (3) separate checks, as follows: **$10,000.00**, payable to Borrelli & Associates, P.L.L.C., classified as attorney's fees and costs, to be reported by IRS Form 1099; the gross amount of **$15,000.00**, less all legally required withholdings therefrom, payable to Plaintiff, classified as wages, to be reported by IRS Form W2; the amount of **$15,000.00**, less all legally required withholdings therefrom, payable to Plaintiff, classified as liquidated damages, interest, and compensation for emotional/mental distress, to be reported by IRS Form 1099. The Plaintiff expressly understands and agrees that he shall be solely responsible for the payment of all federal, state and local taxes due on his portion of the Settlement Amount, with the sole exception of all legally required tax withholdings made from the portion of the Settlement Amount classified as wages. As a necessary precondition to payment of the Settlement Amount, Plaintiff must provide counsel for Defendants with properly completed, duly executed IRS Forms W-9 on behalf of himself and his counsel. Checks constituting the Settlement Amount shall be delivered to: Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, NY 11021, Attn: Caitlin Duffy, Esq.

(3)  Breach/Cure. Should Defendants fail to timely deliver the Settlement Amount to Borrelli & Associates, P.L.L.C., Plaintiff's attorneys shall notify Stephen D. Hans & Associates, P.C. in writing via email to Nils Shillito, Esq. at nshillito@hansassociates.com, within five (5) business days of the Defendants' failure to make said payment. Defendants will then be afforded five (5) business days following the date Plaintiff's attorneys provided notice to cure the Defendants' breach by delivering any amounts due and owing to Plaintiff's attorneys at the address listed above. Delivery shall mean Plaintiff's attorneys receipt of the overdue sums. If the Defendants fail to timely cure such breach, one hundred and fifty (150%) of the entire unpaid balance of the Settlement Amount will then become immediately due and owing, plus all reasonable attorney's fees and costs associated with seeking judgment for the Company's breach. Any breach of this paragraph of the Agreement shall be deemed a material breach, subject to the Defendants' right to cure as described above, and the Defendants shall be liable for any

reasonable costs and attorneys' fees incurred to enforce this provision and/or to collect any outstanding sum or sums due at the time of the Defendants' breach including the fees and/or costs for any application to a court for fees and/or costs. In the event of the Defendants' failure to timely cure any breach of this paragraph, interest shall be assessed from the date Plaintiff's attorneys notify - - through their counsel - - the Company of its breach at a rate of 9% *per annum*.

(4) <u>Release of FLSA Claims</u>: In consideration for the payment of the Settlement Amount, as well as for other good and valuable consideration, the Plaintiff, on behalf of himself and his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably release and forever discharge Christopher Sofield, Vincent Sofield, Joseph Sofield City-Scape, Inc., and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, known or unknown, suspected or unsuspected, asserted or unasserted, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, or any part thereof, and related regulations promulgated pursuant thereto, including, but not limited to, claims for alleged unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, interest, attorney's fees, interest, costs, and disbursements, as well as any claims for alleged retaliation pursuant to the FLSA, 29 U.S.C. § 215, including but not limited to, any claims for back pay, front pay, emotional/mental distress damages, punitive damages, interest, attorney's fees, interest, costs, and disbursements, based upon any conduct occurring from the beginning of the world through the date that this Agreement is executed by all Parties. To the fullest extent permitted by law, the Plaintiff promises not to sue or bring any charges, complaints or lawsuits related to the claims hereby waived and released against the Releasees in the future, individually or as a member of a collective class. This waiver, release and promise not to sue is binding on the Plaintiff, his heirs, legal representatives and assigns.

(5) <u>Non-Assignment of Claims</u>: The Plaintiff represents and warrants that he has not assigned or transferred, nor purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in this Agreement, and the Plaintiff shall defend, indemnify and hold harmless Releasees against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorney's fees and costs.

(6) <u>Each Party To Bear Its Own Attorney's Fees.</u> The Parties shall each bear their own attorney's fees, costs, and expenses, except as expressly provided herein.

(7) <u>Tax Liability and Indemnity</u>. The Plaintiff understands that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by any of the Releasees or withheld by any of the Releasees on account of or from the Settlement Amount, with the sole exception of the legally required tax withholdings made by Defendants from the

portion of the Settlement Amount that is classified herein as wages. The Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiff shall be solely responsible for any and all taxes which may be due as a result of his receipt of all of the portions of the Settlement Amount paid by the Defendants pursuant to this Agreement accounted for via an IRS Form 1099. The Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees or by the Plaintiff, or both, as a result of not withholding taxes from the portions of the money paid to the Plaintiff accounted for via an IRS Form 1099, as well as the amounts paid to Plaintiff's attorneys, pursuant to this Agreement, and the Plaintiff agrees to fully indemnify and hold the Defendants harmless against any such liability. If any of the Defendants receive notice from any taxing authorities regarding any of the payments accounted for via an IRS Form 1099, the Defendants will provide the Plaintiff's attorneys with a copy of such notice, within a reasonable period, so that the Plaintiff may address any requests made by such taxing authority. The Plaintiff understands that, in the event that any of the Releasees are required to enforce the terms of this indemnification and hold harmless provision, the Plaintiff shall reimburse such Releasees for their reasonable attorney's fees and costs associated with such enforcement.

(8) No Admission of Liability. The Defendants do not admit to any liability or wrongdoing whatsoever on their part or by any individuals acting under their supervision or on their behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount shall be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by the Defendants or by any individuals acting under the Defendants' supervision or on the Defendants' behalf of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(9) Neutral Reference. Upon receipt of an employment reference request from a prospective employer of Plaintiff, Defendants shall only confirm dates that Plaintiff provided services and the position formerly held by Plaintiff, and shall further state that it is company policy to only provide this information. The Plaintiff shall instruct any prospective employers to direct such employment reference requests only to Kathryn Sofield or her successor.

(10) Successors and Assigns. This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(11) Entire Agreement. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties with respect to the settlement of the Plaintiff's FLSA claims, and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.

(12) Modification in Writing. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(13) <u>No Other Assurances</u>. The Plaintiff acknowledges that, in deciding to execute this Agreement, he has not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(14) <u>Governing Law</u>. This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(15) <u>Joint Preparation</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(16) <u>Severability</u>. If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties. Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff shall promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(17) <u>Captions</u>. Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(18) <u>Execution</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

Case 2:17-cv-02595-AKT   Document 24-1   Filed 05/01/18   Page 7 of 11 PageID #: 103
2018-04-24 16:12    Borrelli & Assoc.              15162486027 >>                P 16/19

Page 6 of 9

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFF:**

STATE OF ~~NEW YORK~~ Maryland )
~~COUNTY~~ City OF Baltimore ) ss:

I, Jose W. Urquilla, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

Sworn to before me this
27 Day of April, 2018

_____
Notary Public

_____
Jose W. Urquilla

DANIEL KARABAICH
Notary Public
Anne Arundel County
Maryland
My Commission Expires Dec. 23, 2018

**DEFENDANTS:**

STATE OF NEW YORK )
                  ) ss:
COUNTY OF _____ )

I, Christopher Sofield, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as a shareholder and officer of Joseph Sofield City-Scape, Inc.

Sworn to before me this
_____ Day of April, 2018

_____
Notary Public

_____
Christopher Sofield, Individually and on behalf of Joseph Sofield City-Scape, Inc.

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFF:**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF _____  )

I, **Jose W. Urquilla**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.


Sworn to before me this                        _____
_____ Day of April, 2018                      Jose W. Urquilla


_____
Notary Public




**DEFENDANTS:**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF _Queens_   )

I, **Christopher Sofield**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as a shareholder and officer of Joseph Sofield City-Scape, Inc.

                                               _____
Sworn to before me this                        Christopher Sofield, Individually and on behalf
_27TH_ Day of April, 2018                      of Joseph Sofield City-Scape, Inc.

_____
Notary Public

NILS C. SHILLITO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6180399
Qualified in Queens County
My Commission Expires January 14, 2020

STATE OF NEW YORK )
                  ) ss:
COUNTY OF QUEENS  )

I, **Vincent Sofield**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

Sworn to before me this
27TH Day of April, 2018

_____
Notary Public

_____
Vincent Sofield

NILS C. SHILLITO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6180399
Qualified In Queens County
My Commission Expires January 14, 2020

**EXHIBIT "A"**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE W. URQUILLA,

                Plaintiff,

    -against-                      Case No.: 17 Civ. 2595 (AKT)

JOSEPH SOFIELD CITY-SCAPE, INC.,
CHRISTOPHER "DUKE" SOFIELD, and
VINCENT SOFIELD,               **ORDER OF VOLUNTARY**
                                                      **DISMISSAL WITH PREJUDICE**
                Defendants.
------------------------------------------------------------------X

        Upon the joint application of the plaintiff and the defendants, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice and approving the parties' negotiated Fair Labor Standards Act settlement agreement in the above-captioned action in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is HEREBY ORDERED AS FOLLOWS:

        1.      The parties' settlement has been negotiated in good faith and at arm's length by the parties through their respective counsel;

        2.      The settlement is approved as a fair and reasonable disposition of the plaintiff's Fair Labor Standards Act claims; and

3. Accordingly, this action, and all of the claims asserted herein, is hereby dismissed in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court shall retain jurisdiction over this matter solely to enforce the parties' settlement and to enter judgment in the event of a breach, should that become necessary.

SO ORDERED.

Dated: Central Islip, New York
_____, 2018

_____
United States Magistrate Judge