UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW ORK
-------------------------------------------------------------X
JOSE URQUILLA, on behalf of himself,
Individually, and on behalf of all others similarly
situated,

                            Plaintiff,

              - against -
                                                   CV 17-2595 (AKT)

JOSEPH SOFIELD CITY-SCAPE, INC., and
CITY-SCAPE LANDSCAPING, INC., and
CHRISTOPHER "DUKE" SOFIELD, an individual
and VINCENT SOFIELD, an individual

                          Defendants.
-------------------------------------------------------------X

**ORDER APPROVING SETTLEMENT AND
DISMISSAL WITH PREJUDICE OF CLAIMS**

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Having reviewed the Complaint filed in this case by Plaintiff JOSE URQUILLA is as well as the Answer to the Complaint filed by the Defendants, having assessed the claims and defenses raised by the parties, having conferred at some length with counsel at the Initial Conference regarding potential resolution of this action, having taken into account the Parties' exchange of substantial documents prior to the settlement, having reviewed the damages calculations, having considered the applicable case law, having carefully reviewed the proposed Settlement Agreement and General Release, having taken into account the fact that this resolution was achieved through the auspices of a well-respected mediator in the EDNY Court-annexed mediation program, and for good cause shown, the Court hereby ORDERS, ADJUDGES and DECREES that:

1

1.      The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act: (a) is the result of arm's length negotiations and is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiff's claims; and (c) demonstrates a good faith intention by the Parties (i) to fully and finally resolve the Plaintiff's claims for liability and damages under the Fair Labor Standards Act and (ii) not to re-litigate in whole or in part at any point in the future the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiff's wages while employed by the Defendants.  The Court also points out that after having served a Notice of Pendency to potential opt-ins in this action, the Notice did not generate any opt-ins. Consequently, this is a single plaintiff FLSA action which has been settled.

2.      The thorough presentation of Plaintiff's counsel with respect to the fairness and reasonableness assessment is persuasive.  The Settlement Agreement meets the standards set forth in *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332 (S.D.N.Y.2012) in that: (a) the Plaintiff's range of possible recovery is affected by the dispute over the contention that some or all of the Defendants are not proper parties and do not fit the definition of "employer" under the FLSA; (b) Defendants' position that a shorter statute of limitations should apply because Defendants' action were not willful could impact the amount of wages owed to Plaintiff overall; (c) the prospect exists of defense witnesses providing testimony which conflicts with Plaintiffs' testimony; (d) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial;  (e) the record reflects qualitative risks for both sides should the case proceed to trial; (f) the settlement is clearly the product of arm's length negotiations between experienced counsel with the assistance of a well-respected EDNY panel mediator; and (g) the totality of the circumstances and the progression of this case demonstrate

the lack of fraud or collusion. *See Wolinsky*, 900 F.Supp.2d at 335 (internal quotations omitted).

       3.      The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA claims asserted in this litigation; and (c) the attorney's fees were separately negotiated with the mediator, are significantly less than the lodestar figure evaluated by the Court, and do not diminish the Plaintiff's recovery since he is receiving greater than his maximum potential FLSA recovery.

       4.      The Plaintiff's Release of the Defendants as partial consideration for the settlement is sufficiently limited to deem the release fair and proper. The Court further notes that counsel have supplied a complete breakdown of the settlement monies.

       5.      Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the attorney's fees as separately negotiated with the mediator and provided in the Settlement Agreement, are a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, Borelli & Associates P.L.L.C., by Caitlin Duffy, Esq. Even if the fees had not been separately negotiated, the Court still finds that taken together, the attorney's fees would represent 25% of the settlement amount – a figure well within the parameters set by courts in this District. The Court has also reviewed the contemporaneous time records of counsel and finds that the fees requested are reasonable under the lodestar method. Courts have referred to the lodestar comparison as a "cross-check" on the issue of reasonableness. *See Velez v. Novartis Pharm. Corp.* No. 04 Civ. 09194, 2010 WL 4877852, at *12 (S.D.N.Y. Nov. 30, 2010); *Ersler v. Toshiba Am., Inc.*, No. CV-07-2304, 2009 WL 454354, at *7 (E.D.N.Y. Feb. 24, 2009). The hourly rates in this case fall within the range of reasonable rates within the Eastern District of

New York.

6.    In light of all the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable.  The settlement is therefore APPROVED  by the Court.

7.    The Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

8.    This lawsuit and the claims of the Plaintiff asserted in it are DISMISSED, WITH  PREJUDICE, in their entirety.

9.    Each party shall bear his/its own costs, except as provided to the contrary in the Settlement Agreement.

The Clerks' Office is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
      July 17, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge